# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Allen Beasley,<br><br>    Plaintiff,<br><br>v.<br><br>Federal Bureau of Investigation, et. al,<br><br>    Defendants. | No. CV-18-4686-PHX-DMF<br><br>**MEMORANDUM OF DECISION AND ORDER** |

Pending before the Court is a Report and Recommendation (Doc. 20) by Magistrate Judge Deborah M. Fine recommending that Plaintiff Allen Beasley's Complaint (Doc. 1) be dismissed without prejudice because the Complaint fails to state a claim. Plaintiff filed an Objection to the Report and Recommendation petitioning for reconsideration of his arguments. (Doc. 21.) After considering both the Report and Recommendation and the arguments raised in Plaintiff's Objection, the Court issues the following ruling.

## STANDARD OF REVIEW

When reviewing a Magistrate Judge's Report and Recommendation, this Court "shall make a de novo determination of those portions of the report…to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); see also Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991) (citing Britt v. Simi Valley Unified Sch. Dist., 708 F.2d 452, 454 (9th Cir. 1983)).

Rule 72(b)(3) requires a district judge to review de novo those portions of the Report and Recommendation that have been "*properly* objected to." Fed. R. Civ. P. 72(b)(3) (emphasis added). A proper objection requires "*specific written objections* to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2) (emphasis added). An ineffective, general objection has the same effect as a failure to object. Warling v. Ryan, No. CV-12-1396, 2013 WL 5276367, at *2 (D. Ariz. Sept. 19, 2013). Failure to object to a Magistrate Judge's recommendation relieves the Court of conducting de novo review of the Magistrate Judge's factual findings and waives all objections to those findings on appeal. See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998).

## DISCUSSION

Plaintiff originally filed a *pro se* complaint on December 14, 2018. (Doc. 1.) Thereafter, Plaintiff filed an Application to Proceed In Forma Pauperis. (Docs. 2, 7.) On January 17, 2019, the Magistrate Judge granted Plaintiff in forma pauperis status and screened the Complaint pursuant to 28 U.S.C. § 1915(e)(2). (Doc. 12.) Upon identifying deficiencies in the Complaint, the Magistrate Judge granted Plaintiff time to file an amended complaint, and later extended the time to reply upon Plaintiff's request. (Id.; Docs. 15, 17.) The Plaintiff did not avail himself of this opportunity. Rather, Plaintiff filed two "situation reports." (Docs. 18, 19.) After review of the situation reports filed by Plaintiff, the Magistrate Judge determined another extension of time for filing an amended complaint was inappropriate and submitted the Report and Recommendation advising that the Complaint be dismissed without prejudice for failure to state a claim. (Doc. 20.)

In objecting to the Report and Recommendation, Plaintiff references his lack of legal experience, prior traumatic life events, and additional allegations against the named defendants as reasons for his inability to amend his original claim before the filing deadline. (Doc. 21.) These objections are improper, however, because they do not point to any specific flaws in the Magistrate Judge's legal analysis in the Report and Recommendation, as required by Fed. R. Civ. P. 72(b)(2). Nevertheless, the Court conducted *de novo* review of all the factual analysis contained in the Report and Recommendation and, after thorough

consideration, concurs in whole with the Magistrate Judge's findings.

To state a proper claim, a pleader must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The numerous allegations presented by Plaintiff do not comprise sufficient facts supporting any particular and viable legal theory. Plaintiff fails to state factual allegations and clearly link those allegations to violations of the cited legal authorities by the named defendants. For these reasons, the Court finds that Plaintiff's Complaint fails to state a claim upon which relief may be granted.

## CONCLUSION

For the reasons set forth above,

**IT IS HEREBY ORDERED** adopting the Report and Recommendation of the Magistrate Judge (Doc. 20).

**IT IS FURTHER ORDERED** dismissing the Complaint (Doc. 1) without prejudice. The Clerk of the Court shall terminate this case.

**Dated** this 3rd day of June, 2019.

Honorable Stephen M. McNamee
Senior United States District Judge